# EXHIBIT 1

<u>**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**</u>

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

**ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS and STEVE D. VELASQUEZ** for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

**FORM WORKS/BAKER JV, LLC** ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to **BAKER CONCRETE CONSTRUCTION, INC.** and **BAKER CONSTRUCTION ENTERPRISES, LLC** and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing and **DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG** (collectively, the "Releasees").

<u>**RECITALS**</u>

**A.** Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled <u>Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig</u>, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

**B.** Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

**C.** Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works. Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance. Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

D.     The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

E.     The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement. Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement. The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

F.     Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement. Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions. By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

G.     The parties desire to memorialize their agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1.     **Settlement Funds.** Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs. Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf. Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

2. **Judicial Approval of Settlement and Dismissal of Civil Action.** The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

3. **Payment of Settlement Funds.**

a. Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers.

b. Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

c. Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

**4.    General Releases.**

a.    Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under: (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

b.    In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

(i)    This Settlement Agreement is written in a manner they understand;

(ii)    By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

(iii)    They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

(iv)    They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

(v)    They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement. Any change, whether material or immaterial, shall not re-start this 45-day review period;

(vi)    They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable. They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

> (vii)   They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

5.     **No Other Suits or Claims.**   Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency. Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

6.     **No Right of Reinstatement.**   Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

7.     **Indemnification.**   Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

8. **Confidentiality.** The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence. To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer. All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant. Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph. Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality. If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request. Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera*.

9. **No Admission of Liability.** Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant. In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

10. **Enforcement.** If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

11. **Severability and Survival.** If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

12. **Applicable Law.** This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

13. **Controlling Law and Venue.** The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement. In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts. At least ten business days prior to commencing an

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

14. **Non-assignment of Claims or Causes of Action.** Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

15. **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16. **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17. **Recitals.** The recitals are incorporated by reference.

18. **Entire Agreement.** This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this _____ day of April, 2015.

Kelly McCallum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

***ATTORNEYS FOR CLAIMANTS***

M. Scott McIntyre
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

***ATTORNEYS FOR DEFENDANTS***

**EXHIBIT "A"**

**ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
BY PLAINTIFF ARLE CALDERON**

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Arle Calderon ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.      Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action. Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action. Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.      Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

   a.   $2,300.98 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

   b.   $2,300.98 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

   c.   $100.00 for the General Release contained in the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

   d.   For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff. (Plaintiff's attorneys, not Plaintiff, will receive this check). An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.      Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party. Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.      Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release. Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s). After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement. By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation. By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

_Arle    Calderon_
Signature

_Arle    Calderon_
Plaintiff's Printed Name: Arle Calderon

Social Security Number: XXX-XX-_____

Date of Birth: _____

Form **W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

RUBENSTEIN LAW, PA

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor    ☑ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

2 SOUTH UNIVERSITY DRIVE, SUITE 235

City, state, and ZIP code

PLANTATION, FL 33324

Requester's name and address (optional)

List account number(s) here (optional)

**Part I**    **Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line
to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a
resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other
entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a
TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose
number to enter.

Social security number

Employer identification number

**Part II**    **Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue
Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am
no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding
because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage
interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and
generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the
instructions on page 4.

Sign
Here

Signature of
U.S. person ▶

Date ▶  5/5/15

**General Instructions**

Section references are to the Internal Revenue Code unless otherwise
noted.

**Purpose of Form**

A person who is required to file an information return with the IRS must
obtain your correct taxpayer identification number (TIN) to report, for
example, income paid to you, real estate transactions, mortgage interest
you paid, acquisition or abandonment of secured property, cancellation
of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident
alien), to provide your correct TIN to the person requesting it (the
requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a
number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt
payee. If applicable, you are also certifying that as a U.S. person, your
allocable share of any partnership income from a U.S. trade or business
is not subject to the withholding tax on foreign partners' share of
effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request
your TIN, you must use the requester's form if it is substantially similar
to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are
considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or
organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or
business in the United States are generally required to pay a withholding
tax on any foreign partners' share of income from such business.
Further, in certain cases where a Form W-9 has not been received, a
partnership is required to presume that a partner is a foreign person,
and pay the withholding tax. Therefore, if you are a U.S. person that is a
partner in a partnership conducting a trade or business in the United
States, provide Form W-9 to the partnership to establish your U.S.
status and avoid withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 12-2011)

Exhibit B

# EXHIBIT 2

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS and STEVE D. VELASQUEZ for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

FORM WORKS/BAKER JV, LLC ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to BAKER CONCRETE CONSTRUCTION, INC. and BAKER CONSTRUCTION ENTERPRISES, LLC and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing and DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG (collectively, the "Releasees").

## RECITALS

A.    Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.    Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.    Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works.  Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance.  Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

      **D.**    The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

      **E.**    The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement.  Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement.  The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

      **F.**    Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement.  Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.  Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions.  By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

      **G.**    The parties desire to memorialize their agreement.

    **NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

      **1.**    <u>**Settlement Funds.**</u>  Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs.  Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf.  Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

2.     **Judicial Approval of Settlement and Dismissal of Civil Action.**  The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

3.     **Payment of Settlement Funds.**

a.     Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers.

b.     Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

c.     Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

4.    **General Releases.**

a.    Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under:  (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

b.    In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

(i)    This Settlement Agreement is written in a manner they understand;

(ii)    By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

(iii)    They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

(iv)    They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

(v)    They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement.  Any change, whether material or immaterial, shall not re-start this 45-day review period;

(vi)    They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable.  They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

(vii) They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

5.    **No Other Suits or Claims.** Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency. Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

6.    **No Right of Reinstatement.** Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

7.    **Indemnification.** Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

**8.     Confidentiality.**  The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence.  To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer.  All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant.  Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph.  Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality.  If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request.  Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera*.

**9.     No Admission of Liability.**  Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant.  In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

**10.     Enforcement.**  If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

**11.     Severability and Survival.**  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

**12.     Applicable Law.**  This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

**13.     Controlling Law and Venue.**  The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement.  In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.  At least ten business days prior to commencing an

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

**14.** **Non-assignment of Claims or Causes of Action.** Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

**15.** **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

**16.** **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

**17.** **Recitals.** The recitals are incorporated by reference.

**18.** **Entire Agreement.** This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this _15th_ day of April, 2015.

Kelly McCallum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

*ATTORNEYS FOR CLAIMANTS*

M. Scott McIntyre          5-14-15
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

*ATTORNEYS FOR DEFENDANTS*

<u>**EXHIBIT "A"**</u>

<u>**ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT**
**BY PLAINTIFF MANNY FERNANDEZ**</u>

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Manny Fernandez ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.      Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action. Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action. Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.      Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

a.      $1,589.21 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

b.      $1,589.22 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

c.      $100.00 for the General Release contained in the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

d.      For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff. (Plaintiff's attorneys, not Plaintiff, will receive this check). An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.      Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party. Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.      Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release. Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s). After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement. By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation. By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

_____
Signature

**Manny Fernandez**
Plaintiff's Printed Name: Manny Fernandez

Social Security Number: XXX-XX-6056

Date of Birth:

Form **W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above
**RUBENSTEIN LAW, PA**

Check appropriate box for federal tax classification:
☐ Individual/sole proprietor  ☒ C Corporation  ☐ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)
**2 SOUTH UNIVERSITY DRIVE, SUITE 235**

City, state, and ZIP code
**PLANTATION, FL 33324**

Requester's name and address (optional)

List account number(s) here (optional)

**Part I    Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number
[ ][ ][ ] - [ ][ ] - [ ][ ][ ][ ]

Employer identification number
[ ][ ] - [ ][ ][ ][ ][ ][ ][ ]

**Part II    Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

Sign
Here

Signature of
U.S. person ▶

Date ▶ 5/5/15

**General Instructions**

Section references are to the Internal Revenue Code unless otherwise noted.

**Purpose of Form**

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

Note. If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 12-2011)

Exhibit B

# EXHIBIT 3

<u>CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS</u>

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS and STEVE D. VELASQUEZ for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

FORM WORKS/BAKER JV, LLC ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to BAKER CONCRETE CONSTRUCTION, INC. and BAKER CONSTRUCTION ENTERPRISES, LLC and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing and DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG (collectively, the "Releasees").

## RECITALS

A.   Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled <u>Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig</u>, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.   Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.   Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works. Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance. Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

D.     The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

E.     The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement. Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement. The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

F.     Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement. Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions. By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

G.     The parties desire to memorialize their agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1.     **Settlement Funds.** Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs. Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf. Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

2.    Judicial Approval of Settlement and Dismissal of Civil Action.  The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

3.    Payment of Settlement Funds.

a.    Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers.

b.    Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

c.    Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

4. <u>General Releases.</u>

  a.   Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

  b.   In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

    (i)   This Settlement Agreement is written in a manner they understand;

    (ii)   By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

    (iii)   They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

    (iv)   They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

    (v)   They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement. Any change, whether material or immaterial, shall not re-start this 45-day review period;

    (vi)   They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable. They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

(vii) They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

5. **No Other Suits or Claims.** Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency. Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

6. **No Right of Reinstatement.** Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

7. **Indemnification.** Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

8.    **Confidentiality.**  The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence.  To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer.  All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant. Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph.  Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality.  If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request.  Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera*.

9.    **No Admission of Liability.**  Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant.  In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

10.    **Enforcement.**  If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

11.    **Severability and Survival.**  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

12.    **Applicable Law.**  This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

13.    **Controlling Law and Venue.**  The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement.  In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.  At least ten business days prior to commencing an

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

14.  **Non-assignment of Claims or Causes of Action.**  Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

15.  **Authorship.**  All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16.  **Execution in Counterparts.**  The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17.  **Recitals.**  The recitals are incorporated by reference.

18.  **Entire Agreement.**  This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

NOW, **THEREFORE**, the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this 30th day of April, 2015.

Kelly McCallum
Florida Bar No.: 648775
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

*ATTORNEYS FOR CLAIMANTS*

M. Scott McIntyre                    5-14-15
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
BAKER & HOSTETLER LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

*ATTORNEYS FOR DEFENDANTS*

## EXHIBIT "A"

## ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
## BY PLAINTIFF ADALBERTO GALO

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Adalberto Galo ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.      Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action. Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action. Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.      Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

      a.      $683.33 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

      b.      $683.34 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

      c.      $100.00 for the General Release contained in the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

      d.      For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff. (Plaintiff's attorneys, not Plaintiff, will receive this check). An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.      Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party. Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.      Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release. Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s). After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement. By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation. By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

_____
Signature

_____
Plaintiff's Printed Name: Adalberto Galo

Social Security Number: XXX-XX-5488

Date of Birth: .

Form **W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above
RUBENSTEIN LAW, PA

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor   ☑ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)
2 SOUTH UNIVERSITY DRIVE, SUITE 235

City, state, and ZIP code
PLANTATION, FL 33324

Requester's name and address (optional)

List account number(s) here (optional)

**Part I    Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line
to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a
resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other
entities, it is your employer identification number (EIN). If you do not have a number, see How to get a
TIN on page 3.

Note. If the account is in more than one name, see the chart on page 4 for guidelines on whose
number to enter.

Social security number

Employer identification number

**Part II    Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue
Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am
no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding
because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage
interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and
generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the
instructions on page 4.

Sign
Here

Signature of
U.S. person ▶

Date ▶ 5/5/15

**General Instructions**

Section references are to the Internal Revenue Code unless otherwise
noted.

**Purpose of Form**

A person who is required to file an information return with the IRS must
obtain your correct taxpayer identification number (TIN) to report, for
example, income paid to you, real estate transactions, mortgage interest
you paid, acquisition or abandonment of secured property, cancellation
of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident
alien), to provide your correct TIN to the person requesting it (the
requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a
number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt
payee. If applicable, you are also certifying that as a U.S. person, your
allocable share of any partnership income from a U.S. trade or business
is not subject to the withholding tax on foreign partners' share of
effectively connected income.

Note. If a requester gives you a form other than Form W-9 to request
your TIN, you must use the requester's form if it is substantially similar
to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are
considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or
organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or
business in the United States are generally required to pay a withholding
tax on any foreign partners' share of income from such business.
Further, in certain cases where a Form W-9 has not been received, a
partnership is required to presume that a partner is a foreign person,
and pay the withholding tax. Therefore, if you are a U.S. person that is a
partner in a partnership conducting a trade or business in the United
States, provide Form W-9 to the partnership to establish your U.S.
status and avoid withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 12-2011)

Exhibit B

# EXHIBIT 4

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS and STEVE D. VELASQUEZ for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

FORM WORKS/BAKER JV, LLC ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to BAKER CONCRETE CONSTRUCTION, INC. and BAKER CONSTRUCTION ENTERPRISES, LLC and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing  and DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG (collectively, the "Releasees").

## RECITALS

A.     Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.     Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.     Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works.  Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance.   Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

**D.**      The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

**E.**      The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement.  Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement.  The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

**F.**      Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement.  Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.  Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions.   By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

**G.**      The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

**1.       Settlement Funds.** Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs.  Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf.  Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

2.   **Judicial Approval of Settlement and Dismissal of Civil Action.**   The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

3.   **Payment of Settlement Funds.**

a.   Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers.

b.   Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

c.   Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

4.    **General Releases.**

a.     Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under: (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

b.     In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

(i)     This Settlement Agreement is written in a manner they understand;

(ii)     By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

(iii)     They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

(iv)     They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

(v)     They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement. Any change, whether material or immaterial, shall not re-start this 45-day review period;

(vi)     They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable. They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

       (vii)   They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

    5.    <u>No Other Suits or Claims</u>.  Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency. Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

    6.    <u>No Right of Reinstatement</u>. Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

    7.    <u>Indemnification</u>. Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

**8.      Confidentiality.**  The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence.  To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer.  All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant.  Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph.  Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality.  If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request.  Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera*.

**9.      No Admission of Liability.**  Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant.  In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

**10.      Enforcement.**  If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

**11.      Severability and Survival.**  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

**12.      Applicable Law.**  This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

**13.      Controlling Law and Venue.**  The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement.  In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.  At least ten business days prior to commencing an

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

14.     **Non-assignment of Claims or Causes of Action.**   Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

15.     **Authorship.**   All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16.     **Execution in Counterparts.**   The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17.     **Recitals.**   The recitals are incorporated by reference.

18.     **Entire Agreement.**   This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this _____ day of April, 2015.

Kelly McCallum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

*ATTORNEYS FOR CLAIMANTS*

M. Scott McIntyre                    6-14-15
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

*ATTORNEYS FOR DEFENDANTS*

<u>EXHIBIT "A"</u>

<u>ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT</u>
<u>BY PLAINTIFF ANDY W. DEL TORO</u>

     In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Andy W. Del Toro ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

     1.    Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action. Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action. Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

     2.    Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

        a.    ·$2,214.70 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

        b.    $2,214.71 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

        c.    $100.00 for the General Release contained in the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

        d.    For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff. (Plaintiff's attorneys, not Plaintiff, will receive this check). An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

     3.    Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party. Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

     4.    Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release.   Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s).  After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement.   By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.   Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation.  By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

_____
Signature

Plaintiff's Printed Name: Andy W. Del Toro

Social Security Number:  XXX-XX-4474

Date of Birth:

Page 10 of 10

| Form **W-9**<br>(Rev. December 2011)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer**<br>**Identification Number and Certification** | **Give Form to the**<br>**requester. Do not**<br>**send to the IRS.** |
|---|---|---|

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above
**RUBENSTEIN LAW, PA**

Check appropriate box for federal tax classification:
- [ ] Individual/sole proprietor
- [✓] C Corporation
- [ ] S Corporation
- [ ] Partnership
- [ ] Trust/estate
- [ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶
- [ ] Other (see instructions) ▶
- [ ] Exempt payee

Address (number, street, and apt. or suite no.)
**2 SOUTH UNIVERSITY DRIVE, SUITE 235**

City, state, and ZIP code
**PLANTATION, FL 33324**

Requester's name and address (optional)

List account number(s) here (optional)

*Print or type — See Specific Instructions on page 2.*

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

Social security number

Employer identification number

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**    Signature of U.S. person ▶    Date ▶ 5/5/15

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

- An individual who is a U.S. citizen or U.S. resident alien,

- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

- An estate (other than a foreign estate), or

- A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X                    Form **W-9** (Rev. 12-2011)

**Exhibit B**

# EXHIBIT 5

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

**THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

**ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS** and **STEVE D. VELASQUEZ** for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

**FORM WORKS/BAKER JV, LLC** ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to BAKER CONCRETE CONSTRUCTION, INC. and BAKER CONSTRUCTION ENTERPRISES, LLC and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing  and DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG (collectively, the "Releasees").

### RECITALS

A.     Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.     Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.     Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works.  Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance.   Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

D.     The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

E.     The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement.  Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement.  The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

F.     Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement.  Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys.  After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement.  By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.  Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions.   By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

G.     The parties desire to memorialize their agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1.     **Settlement Funds.**  Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs.  Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf.  Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

2.     **Judicial Approval of Settlement and Dismissal of Civil Action.**  The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

3.     **Payment of Settlement Funds.**

a.     Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers.

b.     Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

c.     Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

4.    **General Releases.**

        a.    Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under:  (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

        b.    In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

        (i)    This Settlement Agreement is written in a manner they understand;

        (ii)    By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

        (iii)    They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

        (iv)    They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

        (v)    They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement.  Any change, whether material or immaterial, shall not re-start this 45-day review period;

        (vi)    They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable.  They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

(vii)    They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

    5.    **No Other Suits or Claims.** Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency. Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

    6.    **No Right of Reinstatement.** Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

    7.    **Indemnification.** Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

8.      **Confidentiality.**  The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence.  To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer.  All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant. Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph.  Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality.  If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request.  Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera.*

9.      **No Admission of Liability.**  Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant.  In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

10.      **Enforcement.**  If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

11.      **Severability and Survival.**  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

12.      **Applicable Law.**  This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

13.      **Controlling Law and Venue.**   The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement.  In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.  At least ten business days prior to commencing an

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

      14.    **Non-assignment of Claims or Causes of Action.**  Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

      15.    **Authorship.**  All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

      16.    **Execution in Counterparts.**  The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

      17.    **Recitals.**  The recitals are incorporated by reference.

      18.    **Entire Agreement.**  This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

      **NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this _____ day of April, 2015.

Kelly McCallum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

***ATTORNEYS FOR CLAIMANTS***

M. Scott McIntyre
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

***ATTORNEYS FOR DEFENDANTS***

## EXHIBIT "A"

## ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT BY PLAINTIFF LUIS MOLINA

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Luis Molina ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.      Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action.  Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action.  Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.      Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

    a.      $2,516.66 for alleged unpaid wages/overtime pay less applicable taxes and withholdings.  An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

    b.      $2,516.67 for alleged liquidated damages.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

    c.      $100.00 for the General Release contained in the Settlement Agreement. No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

    d.      For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff. (Plaintiff's attorneys, not Plaintiff, will receive this check).  An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.      Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party.  Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.      Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release.   Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s).  After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement.   By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.  Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation. By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

_____

Signature

Plaintiff's Printed Name: Luis Molina

Social Security Number:  XXX-XX-1029

Date of Birth:

Form **W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above
RUBENSTEIN LAW, PA

Check appropriate box for federal tax classification:
☐ Individual/sole proprietor    ☑ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)
2 SOUTH UNIVERSITY DRIVE, SUITE 235

Requester's name and address (optional)

City, state, and ZIP code
PLANTATION, FL 33324

List account number(s) here (optional)

*Print or type
See Specific Instructions on page 2.*

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number
[ ][ ][ ] - [ ][ ] - [ ][ ][ ][ ]

Employer identification number

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

Sign
Here

Signature of
U.S. person ▶

Date ▶ 5 | 5 | 15

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 12-2011)

Exhibit B

# EXHIBIT 6

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS and STEVE D. VELASQUEZ for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

FORM WORKS/BAKER JV, LLC ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to BAKER CONCRETE CONSTRUCTION, INC. and BAKER CONSTRUCTION ENTERPRISES, LLC and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing and DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG (collectively, the "Releasees").

## RECITALS

A.     Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.     Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.     Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

Exhibit 6 - Sergio Hernandez

employment by or relationship with Form Works. Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance. Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

**D.** The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

**E.** The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement. Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement. The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

**F.** Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement. Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions. By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

**G.** The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

**1.** **Settlement Funds.** Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs. Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf. Claimants further agree that, at

Exhibit 6 - Sergio Hernandez

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*.  Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

      2.    **Judicial Approval of Settlement and Dismissal of Civil Action.**  The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action.  The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement.  The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms.  Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

      3.    **Payment of Settlement Funds.**

        a.    Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers.

        b.    Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

        c.    Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages.  Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs.  A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys).  It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement.  Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

Exhibit 6 - Sergio Hernandez

4.    **General Releases.**

        a.    Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under: (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

        b.    In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

                (i)    This Settlement Agreement is written in a manner they understand;

                (ii)    By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

                (iii)    They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

                (iv)    They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

                (v)    They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement. Any change, whether material or immaterial, shall not re-start this 45-day review period;

                (vi)    They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable. They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Exhibit 6 - Sergio Hernandez

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

(vii)   They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

5.      **No Other Suits or Claims.**   Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency. Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

6.      **No Right of Reinstatement.**   Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

7.      **Indemnification.**   Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

Exhibit 6 - Sergio Hernandez

**8.   Confidentiality.** The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence. To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer. All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant. Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph. Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality. If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request. Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera*.

**9.   No Admission of Liability.** Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant. In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

**10.   Enforcement.** If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

**11.   Severability and Survival.** If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

**12.   Applicable Law.** This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

**13.   Controlling Law and Venue.** The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement. In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts. At least ten business days prior to commencing an

Exhibit 6 - Sergio Hernandez

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

14.   **Non-assignment of Claims or Causes of Action.**   Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

15.   **Authorship.**  All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16.   **Execution in Counterparts.**   The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17.   **Recitals.**  The recitals are incorporated by reference.

18.   **Entire Agreement.**   This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this            day of April, 2015.

Exhibit 6 - Sergio Hernandez

Kelly McCallum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

*ATTORNEYS FOR CLAIMANTS*

M. Scott McIntyre
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
BAKER & HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303


Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
BAKER & HOSTETLER LLP
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

*ATTORNEYS FOR DEFENDANTS*

Exhibit 6 - Sergio Hernandez

**EXHIBIT "A"**

**ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
BY PLAINTIFF SERGIO D. HERNANDEZ**

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Sergio D. Hernandez ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.      Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action.  Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action.  Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.      Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

      a.      $1,006.86 for alleged unpaid wages/overtime pay less applicable taxes and withholdings.  An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

      b.      $1,006.87 for alleged liquidated damages.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

      c.      $100.00 for the General Release contained in the Settlement Agreement.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

      d.      For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff.  (Plaintiff's attorneys, not Plaintiff, will receive this check).  An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.      Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party.  Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.      Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

Exhibit 6 - Sergio Hernandez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release.  Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s).  After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement.   By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever.  Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation.  By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

_Sergio D. Hernandez_
Signature

_Sergio D. Hernandez_
Plaintiff's Printed Name: Sergio D. Hernandez

Social Security Number: XXX-XX-8061

Date of Birth: .

Exhibit 6 - Sergio Hernandez

Form **W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

### Request for Taxpayer
### Identification Number and Certification

Give Form to the requester. Do not send it to the IRS.

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

RUBENSTEIN LAW, PA

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor  ☒ C Corporation  ☐ S Corporation  ☐ Partnership  ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

2 SOUTH UNIVERSITY DRIVE, SUITE 235

City, state, and ZIP code

PLANTATION, FL 33324

Requester's name and address (optional)

List account number(s) here (optional)

*Print or type. See Specific Instructions on page 2.*

### Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

### Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

Sign Here
Signature of U.S. person ▶

Date ▶ 5 5 15

### General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 12-2011)

Exhibit B

# EXHIBIT 7

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

**ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS** and **STEVE D. VELASQUEZ** for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

**FORM WORKS/BAKER JV, LLC** ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to **BAKER CONCRETE CONSTRUCTION, INC.** and **BAKER CONSTRUCTION ENTERPRISES, LLC** and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing and **DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG** (collectively, the "Releasees").

### RECITALS

A.     Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled <u>Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig</u>, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.     Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.     Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works. Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance. Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

**D.**     The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

**E.**     The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement. Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement. The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

**F.**     Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement. Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions. By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

**G.**     The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1.     **Settlement Funds.** Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs. Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf. Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

   **2.    Judicial Approval of Settlement and Dismissal of Civil Action.** The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

   **3.    Payment of Settlement Funds.**

       a.    Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers. *NEW*

       b.    Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

       c.    Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

4.      **General Releases.**

      a.      Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under:  (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

      b.      In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

      (i)      This Settlement Agreement is written in a manner they understand;

      (ii)      By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

      (iii)      They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

      (iv)      They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

      (v)      They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement.  Any change, whether material or immaterial, shall not re-start this 45-day review period;

      (vi)      They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable.  They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

(vii)   They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

5.      **No Other Suits or Claims.** Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency.  Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

6.      **No Right of Reinstatement.** Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

7.      **Indemnification.** Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

8.    **Confidentiality.**  The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence.  To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer.  All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant. Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph.  Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality.  If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request.  Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera*.

9.    **No Admission of Liability.**  Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant.  In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

10.    **Enforcement.**  If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

11.    **Severability and Survival.**  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

12.    **Applicable Law.**  This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

13.    **Controlling Law and Venue.**  The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement.  In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts. At least ten business days prior to commencing an

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

14.    **Non-assignment of Claims or Causes of Action.**   Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

15.    **Authorship.**  All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16.    **Execution in Counterparts.**   The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17.    **Recitals.**  The recitals are incorporated by reference.

18.    **Entire Agreement.**   This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this _____ day of April, 2015.

Kelly McCalhum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL  33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.:  886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

***ATTORNEYS FOR CLAIMANTS***

M. Scott McIntyre            5-14-15
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone:  (513) 929-3400
Facsimile:  (513) 929-0303

Kevin W. Shaughnessy
Florida Bar No.:  0473448
E-Mail:  kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.:  0053032
E-Mail:  tcummins@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone:  (407) 649-4000
Facsimile:  (407) 649-0168

***ATTORNEYS FOR DEFENDANTS***

**EXHIBIT "A"**

**ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
BY PLAINTIFF PEDRO JOSE MARTINEZ**

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Pedro Jose Martinez ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.　　Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action.  Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action.  Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.　　Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

　　　　a.　　$1,050.00 for alleged unpaid wages/overtime pay less applicable taxes and withholdings.  An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

　　　　b.　　$1,050.00 for alleged liquidated damages.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

　　　　c.　　$100.00 for the General Release contained in the Settlement Agreement.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

　　　　d.　　For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff. (Plaintiff's attorneys, not Plaintiff, will receive this check).  An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.　　Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party.  Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.　　Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release. Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s). After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement. By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation. By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

_Pedro Jose Martinez_
Signature

_Pedro Jose Martinez_
Plaintiff's Printed Name: Pedro Jose Martinez

Social Security Number: XXX-XX-_____

Date of Birth: ____

Form **W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer Identification Number and Certification**

Give Form to the requester. Do not send to the IRS.

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above
**RUBENSTEIN LAW, PA**

Check appropriate box for federal tax classification:
- [ ] Individual/sole proprietor
- [✓] C Corporation
- [ ] S Corporation
- [ ] Partnership
- [ ] Trust/estate

- [ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶
- [ ] Other (see instructions) ▶

[ ] Exempt payee

Address (number, street, and apt. or suite no.)
**2 SOUTH UNIVERSITY DRIVE, SUITE 235**

City, state, and ZIP code
**PLANTATION, FL 33324**

Requester's name and address (optional)

List account number(s) here (optional)

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

Sign Here   Signature of U.S. person ▶    Date ▶ 5/5/15

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

Note. If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

- An individual who is a U.S. citizen or U.S. resident alien,
- A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,
- An estate (other than a foreign estate), or
- A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X                    Form **W-9** (Rev. 12-2011)

Exhibit B

# EXHIBIT 8

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS and STEVE D. VELASQUEZ for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

FORM WORKS/BAKER JV, LLC ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to BAKER CONCRETE CONSTRUCTION, INC. and BAKER CONSTRUCTION ENTERPRISES, LLC and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing and DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG (collectively, the "Releasees").

## RECITALS

A.    Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.    Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.    Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works. Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance. Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

     **D.**    The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

     **E.**    The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement. Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement. The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

     **F.**    Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement. Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions. By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

     **G.**    The parties desire to memorialize their agreement.

     **NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

     **1.**    **Settlement Funds.** Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs. Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf. Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void, *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

2.    **Judicial Approval of Settlement and Dismissal of Civil Action.**  The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

3.    **Payment of Settlement Funds.**

a.    Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers. ᴹˢᵐ

b.    Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

c.    Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

**4.**    **General Releases.**

a.    Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under:  (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

b.    In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

(i)    This Settlement Agreement is written in a manner they understand;

(ii)    By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

(iii)    They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

(iv)    They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

(v)    They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement.  Any change, whether material or immaterial, shall not re-start this 45-day review period;

(vi)    They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable.  They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

           (vii)    They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

     5.    __No Other Suits or Claims.__  Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency. Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

     6.    __No Right of Reinstatement.__  Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

     7.    __Indemnification.__  Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

8. **Confidentiality.** The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence. To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer. All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant. Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph. Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality. If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request. Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement.

9. **No Admission of Liability.** Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant. In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

10. **Enforcement.** If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

11. **Severability and Survival.** If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

12. **Applicable Law.** This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

13. **Controlling Law and Venue.** The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement. In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts. At least ten business days prior to commencing an action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

14. **Non-assignment of Claims or Causes of Action.**   Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

15. **Authorship.**  All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16. **Execution in Counterparts.**  The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17. **Recitals.**  The recitals are incorporated by reference.

18. **Entire Agreement.**  This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this _____ day of April, 2015.

Kelly McCallum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

**_ATTORNEYS FOR CLAIMANTS_**

M. Scott McIntyre                    5-14-15
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

**_ATTORNEYS FOR DEFENDANTS_**

**EXHIBIT "A"**

**ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
BY PLAINTIFF WILLIAMS ARIELLO GALANTINO**

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Williams Ariello Galantino ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.      Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action. Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action. Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.      Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

      a.      $748.04 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

      b.      $748.04 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

      c.      $100.00 for the General Release contained in the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

      d.      For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff. (Plaintiff's attorneys, not Plaintiff, will receive this check). An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.      Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party. Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.      Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release. Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s). After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement. By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation. By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

Signature

Plaintiff's Printed Name: Williams Galantino

Social Security Number: XXX-XX-6618

Date of Birth:

Page 10 of 10

| Form **W-9**<br>(Rev. December 2011)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | **Give Form to the<br>requester. Do not<br>send to the IRS.** |
|---|---|---|

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

RUBENSTEIN LAW, PA

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor   ☑ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

2 SOUTH UNIVERSITY DRIVE, SUITE 235

Requester's name and address (optional)

City, state, and ZIP code

PLANTATION, FL 33324

List account number(s) here (optional)

**Part I    Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

**Part II    Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

Sign Here   Signature of U.S. person ▶          Date ▶ 5/5/15

**General Instructions**

Section references are to the Internal Revenue Code unless otherwise noted.

**Purpose of Form**

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 12-2011)

Exhibit B

# EXHIBIT 9

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS and STEVE D. VELASQUEZ for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

FORM WORKS/BAKER JV, LLC ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to BAKER CONCRETE CONSTRUCTION, INC. and BAKER CONSTRUCTION ENTERPRISES, LLC and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing  and DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN AND BRADLEY E. WUCHERPFENNIG (collectively, the "Releasees").

## RECITALS

A.     Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC,, Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.     Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.     Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works. Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance. Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

**D.** The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

**E.** The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement. Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement. The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

**F.** Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement. Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions. By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

**G.** The parties desire to memorialize their agreement.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1. <u>**Settlement Funds.**</u> Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs. Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf. Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

2.  **Judicial Approval of Settlement and Dismissal of Civil Action.**  The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

3.  **Payment of Settlement Funds.**

a.  Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers.

b.  Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

c.  Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

4.    **General Releases.**

    a.    Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under: (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

    b.    In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

        (i)    This Settlement Agreement is written in a manner they understand;

        (ii)    By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

        (iii)    They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

        (iv)    They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

        (v)    They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement. Any change, whether material or immaterial, shall not re-start this 45-day review period;

        (vi)    They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable. They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

        (vii)   They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

5.     **No Other Suits or Claims.** Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board. Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement. Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency. Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

6.     **No Right of Reinstatement.** Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time. Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

7.     **Indemnification.** Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1. Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant. This indemnification includes any attorneys' fees and costs incurred by Defendant. Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

8.    **Confidentiality.**  The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence.  To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer.  All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant. Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph.  Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality.  If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request.  Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera.*

9.    **No Admission of Liability.**  Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant.  In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

10.    **Enforcement.**  If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

11.    **Severability and Survival.**  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

12.    **Applicable Law.**  This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

13.    **Controlling Law and Venue.**  The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement.  In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.  At least ten business days prior to commencing an

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

14. **Non-assignment of Claims or Causes of Action.** Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

15. **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16. **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17. **Recitals.** The recitals are incorporated by reference.

18. **Entire Agreement.** This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this _____ day of April, 2015.

Page 7 of 10

Kelly McCallum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787

Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

*ATTORNEYS FOR CLAIMANTS*

M. Scott McIntyre                    J-14-15
Ohio Bar No.: 0075298
E-Mail: smcintyre@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303

Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

*ATTORNEYS FOR DEFENDANTS*

Page 8 of 10

## EXHIBIT "A"

## ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT BY PLAINTIFF JOSE DE LA CRUZ CARDENAS

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Jose De La Cruz Cardenas ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.    Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action.  Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action.  Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.    Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

   a.    $1,050.00 for alleged unpaid wages/overtime pay less applicable taxes and withholdings.  An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

   b.    $1,050.00 for alleged liquidated damages.  No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

   c.    $100.00 for the General Release contained in the Settlement Agreement. No taxes or withholdings will be deducted from said amount.  An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

   d.    For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff.  (Plaintiff's attorneys, not Plaintiff, will receive this check).  An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.    Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party.  Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.    Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release. Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s). After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement. By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation. By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.

_____ *Jose Cardenas*
Signature

_____ *Jose de la Cruz Cardenas*
Plaintiff's Printed Name: Jose De La Cruz Cardenas

Social Security Number: XXX-XX-_____

Date of Birth: _

Page 10 of 10

Form **W-9**
(Rev. December 2011)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

Give Form to the
requester. Do not
send to the IRS.

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

RUBENSTEIN LAW, PA

Check appropriate box for federal tax classification:

☐ Individual/sole proprietor   ☑ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)

2 SOUTH UNIVERSITY DRIVE, SUITE 235

City, state, and ZIP code

PLANTATION, FL 33324

Requester's name and address (optional)

List account number(s) here (optional)

**Part I   Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

**Part II   Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

Sign
Here

Signature of
U.S. person ▶

Date ▶ 5/5/15

**General Instructions**

Section references are to the Internal Revenue Code unless otherwise noted.

**Purpose of Form**

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X

Form **W-9** (Rev. 12-2011)

Exhibit B

# EXHIBIT 10

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Settlement Agreement") is executed and effective as of April 6, 2015, and is made by and between

**ARLE CALDERON, MANNY FERNANDEZ, ADALBERTO GALO, ANDY W. DEL TORO, LUIS MOLINA, SERGIO D. HERNANDEZ, PEDRO JOSE MARTINEZ, WILLIAMS ARIELLO GALANTINO, JOSE DE LA CRUZ CARDENAS** and **STEVE D. VELASQUEZ** for and on behalf of themselves and their spouses, heirs, executors, administrators, representatives, and assigns (collectively, the "Claimants")

and

**FORM WORKS/BAKER JV, LLC** ("Form Works" or "Defendant"), for and on behalf of itself and its corporate parents, members, subsidiaries, affiliates, and related entities, together with all predecessors, successors, and assigns, including, but not limited to **BAKER CONCRETE CONSTRUCTION, INC.** and **BAKER CONSTRUCTION ENTERPRISES, LLC** and their respective affiliates and members, together with all past and present representatives, agents, officers, directors, trustees, attorneys, insurers, joint venturers, shareholders, and employees of each of the foregoing and **DONALD M. MARKS, KENNETH HEATH, JOHN GRIESHABER, JOSEPH ORR, THOMAS J. BELL, STEVE MARTIN** AND **BRADLEY E. WUCHERPFENNIG** (collectively, the "Releasees").

### RECITALS

A.    Plaintiffs Arle Calderon, Manny Fernandez, Adalberto Galo, Andy W. Del Toro, Luis Molina, Sergio D. Hernandez, Pedro Jose Martinez, Williams Ariello Galantino, and Jose De La Cruz Cardenas (collectively "Plaintiffs") filed a Complaint styled Arle Calderon, et al. v. Baker Concrete Construction, Inc., Baker Construction Enterprises, LLC., Form Works/Baker JV, LLC, Donald M. Marks, Kenneth Heath, John Grieshaber, Joseph Orr, Thomas J. Bell, Steve Martin and Bradley E. Wucherpfennig, Case Number 13-cv-21438-Altonaga/Simonton, in the United States District Court for the Southern District of Florida (the "Civil Action"), claiming that Releasees violated the Fair Labor Standards Act (the "FLSA") in connection with work they performed for Form Works on the new Marlins Stadium Project (the "Claims") and Steve D. Velasquez, through Plaintiffs' counsel, indicated that he had similar claims as Plaintiffs and expressed an intent to join the Civil Action as a co-Plaintiff after it was commenced;

B.    Plaintiffs previously dismissed, without prejudice, all Releasees but Form Works from the Civil Action;

C.    Releasees deny any liability to Claimants under the allegations set forth in the Civil Action or any other cause of action that could arise out of any or all of Claimant's

employment by or relationship with Form Works. Releasees contended in the Civil Action that no FLSA claims existed and that Claimants' alleged causes of action arose only under the Miami-Dade County Local Wage Ordinance. Claimants acknowledge that Defendant's settlement of the Civil Action (under the terms described in this Settlement Agreement) does not constitute an admission of liability, and admission of the viability of Claimant's legal arguments, or an admission of any wrongdoing by any of Releasees now or at any time;

**D.** The parties enter into this Settlement Agreement for the purposes of settling, compromising, and resolving any and all claims Claimants may have against Releasees, whether alleged in the Civil Action or otherwise;

**E.** The parties have entered into good faith settlement negotiations resulting in this Settlement Agreement. Except as expressly set forth herein, the purpose of this Settlement Agreement is to settle and resolve any and all prior and existing disputes, claims and controversies between the parties without any future cost and expense of litigation, and to bar any and all claims and controversies between the parties existing prior to executing this Settlement Agreement. The parties believe settlement of the Civil Action, and all other possible disputes between them, is in their mutual best interests;

**F.** Claimants understand that they have the right, and have been advised by Defendant, to consult with an attorney before signing this Settlement Agreement. Claimants have, in fact, consulted with their attorneys at Rubenstein Law, P.A., and/or at Schiller, Kessler and Gomez, PLLC and have been fully informed about the terms and conditions of this Settlement Agreement by their attorneys. After carefully considering this Settlement Agreement, Claimants have elected to participate in the settlement and to execute this Settlement Agreement. By executing this Settlement Agreement, Plaintiffs understand this Settlement Agreement's terms and conditions, know that they are giving up important rights, have elected to participate in the settlement, signed the Settlement Agreement knowingly and voluntarily, and represent that the election to participate in the settlement and execute this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiffs further represent and warrant that they have not relied on any inducements, promises, or representations by Defendant, any of the Releasees or any other person, other than this Settlement Agreement's terms and conditions. By executing this Settlement Agreement, Plaintiffs agree that their counsel may dismiss with prejudice the Civil Action against all Releasees; and

**G.** The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

**1. Settlement Funds.** Without admitting any liability, Defendant has offered to pay $71,300.00 (the "Settlement Amount") in full settlement and satisfaction of Claimants' claims against Releasees existing prior to executing this Settlement Agreement, including, but not limited to, Claimants' claims for attorneys' fees and costs. Claimants acknowledge and agree that the Settlement Amount shall constitute the only sums Defendant or any of the Releasees will pay Claimants or Claimants' attorneys or on their behalf. Claimants further agree that, at

Defendant's sole option and in Defendant's sole discretion, if any of the Claimants fail to execute the Settlement Agreement or if any of the Claimants exercise their rights of revocation as described in paragraph 5(b), or if the Court fails to approve the Settlement Agreement as written, this Settlement Agreement shall be void *ab initio*. Should Defendant exercise this right, the Settlement Amount shall not be due and owing, and Claimants may continue to litigate their claims against Defendant as if this Settlement Agreement did not exist.

2. **Judicial Approval of Settlement and Dismissal of Civil Action.** The parties will file a Joint Motion for Approval of Settlement of the Civil Action, seeking the Court's approval of this Settlement Agreement *in camera* and dismissal with prejudice of the Civil Action. The parties agree that, pending execution of the Settlement Agreement by all Claimants, and payment of the Settlement Amount, the Court will be asked to retain jurisdiction to enforce the Settlement Agreement. The parties further agree that this Settlement Agreement shall be null and void if the Court fails to approve this Settlement Agreement's material terms. Releasees do not concede that a FLSA claim was validly pled, that any of Plaintiffs' allegations are viable or that the Court properly has subject matter jurisdiction over the Civil Action.

3. **Payment of Settlement Funds.**

   a. Within 45 days of the Court's order granting the parties' Joint Motion for Approval or Defendant's receipt of the last of the fully executed copies of the Settlement Agreement from Claimants, whichever occurs later, Defendant shall deliver to Claimant's counsel, Rubenstein Law, P.A., a check made payable to Rubenstein Law, P.A. Trust Account for $3830.00, representing the amount of attorney's fees and costs to be paid to Claimant's lawyers.

   b. Simultaneously with the delivery of the check described in section 3(a) above, Defendant will deliver checks made payable to each Plaintiff in the amounts set forth in Exhibit "A" (attached).

   c. Defendant is responsible for withholding any and all federal, state or local taxes from the amounts representing any allegedly unpaid overtime compensation and for paying its share, as employer, of the employment taxes due on the amounts paid to Claimants. Defendant will issue IRS forms W-2 to Claimants for the payment of their allegedly unpaid wages, and IRS forms 1099 for the payment of their alleged liquidated damages. Defendant also will issue IRS forms 1099 to Claimants and their attorneys for the payment of Claimants' attorney's fees and costs. A copy of Rubenstein Law, P.A.'s W-9 is attached as Exhibit "B" with its FEIN partially redacted (the full number will be provided to Defendant's attorneys). It is expressly understood and agreed that Claimants and their attorneys have not relied whatsoever upon any advice from Defendant or its attorneys as to the taxability, whether pursuant to federal, state or local tax statutes or regulations, or otherwise, of the consideration and benefits provided in this Settlement Agreement. Claimants are ultimately responsible for the payment of any taxes owed on any payments made to them or on their behalf as a result of this Settlement Agreement and agree to indemnify and hold Defendant harmless for any penalties resulting from their failure to comply with their obligations under this subsection.

4.    **General Releases.**

      a.    Except as expressly set forth in their individual verifications, in exchange for the settlement described in this Settlement Agreement and Defendant's payment of the Settlement Amount, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, each Claimant, for himself and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever releases and discharges Releasees, from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, that were or could have been asserted in the Civil Action, including, but not limited to, any unpaid wage claim, including but by no means limited to, any unpaid overtime claims under the FLSA or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Claimants' employment by or association with Releasees that existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under: (i) the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; or (v) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.

      b.    In accordance with the Older Workers Benefit Protection Act of 1990, Plaintiffs represent and acknowledge that:

        (i)    This Settlement Agreement is written in a manner they understand;

        (ii)    By executing this Settlement Agreement, they do not waive rights or claims under the federal Age Discrimination in Employment Act (ADEA) that arise after the date of its execution;

        (iii)    They have been advised by Defendant to consult with an attorney prior to the execution of this Settlement Agreement and that they have consulted with their attorneys at Rubenstein Law, P.A.;

        (iv)    They waive all rights under the ADEA in return for the consideration provided for in this Settlement Agreement, which is in excess of anything of value to which they are already entitled;

        (v)    They have been given a reasonable time, up to and including 45 days if they wish, to consider whether to sign this Settlement Agreement. Any change, whether material or immaterial, shall not re-start this 45-day review period;

        (vi)    They understand that, with respect to the waiver of claims under the ADEA only, they have seven days after signing this Settlement Agreement to revoke this waiver, after which time the waiver becomes binding and enforceable. They further agree and understand that, if they choose to exercise their right of revocation under this paragraph, they must notify M. Scott McIntyre, Baker & Hostetler, LLP, 312 Walnut Street, Suite 3200,

Cincinnati, Ohio 45202 on or before the end of the eighth business day after they sign this Settlement Agreement; and

               (vii)   They understand that Defendant is not obligated to pay the Settlement Amount until after the expiration of the 7-day revocation period, and until all other conditions of the Settlement Agreement have been satisfied. They further understand that in no event shall any or all of the Claimants be entitled to the Settlement Amount if any or all of them fails to execute the Settlement Agreement or exercises his right of revocation and Defendant exercises its rights under paragraph 1 of this Agreement.

     5.    **No Other Suits or Claims**.   Except as expressly set forth in their individual verifications, Claimants, by and through their attorneys, represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Releasees, or against any of Releasees' respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board.  Claimants will not in the future file, process, or participate in any suit, claim, charge, complaint, demand, settlement or judgment of any kind whatsoever, involving, directly or indirectly, Releasees, their respective current or former employees, owners, officers, directors, partners, joint venturers, agents, attorneys, insurers, legal representatives, successors, or assigns, individually, in any local, state, or federal court or with any governmental, administrative, investigative, civil rights, or other agency or board based upon any facts or events, known or unknown, which have occurred or may occur at any time prior to and including the date of the execution of this Settlement Agreement.  Nothing in this Settlement Agreement shall prohibit or restrict Claimants from: (i) making any disclosure of information required by law; or (ii) providing information to, or testifying or otherwise assisting in any investigation or proceeding brought by any federal, state or local governmental agency.  Claimants' counsel, Alan L. Lani and Rubenstein Law, P.A., Schiller, Kessler and Gomez, PLLC, Kelly McCallum and Rubenstein Law, P.A. specifically represent that they have no knowledge of any other individuals who may assert claims against Releasees.

     6.    **No Right of Reinstatement**.  Unless currently employed by one of the Releasees, each Claimant disclaims and waives any right of reinstatement or future employment with Releasees, or any of its related entities, and further agrees not to seek employment with Releasees, or any of its related entities, now or at any future time.  Claimants acknowledge that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to rehire or employ them.

     7.    **Indemnification.**  Claimants agree to indemnify and hold harmless Defendant from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority arising out of the tax treatment of the Settlement Amount set forth in paragraph 1.  Claimants further agree to indemnify and hold harmless Defendant from any claims for compensation of any attorney or law firm purporting to represent or to have represented Claimants in any dispute with Defendant.  This indemnification includes any attorneys' fees and costs incurred by Defendant.  Nothing in this paragraph 7 shall relieve Defendant of its obligations to withhold and remit taxes, as described in paragraph 3(c) above.

8.    **Confidentiality.**  The parties agree to keep the terms and settlement amount of this Settlement Agreement in strict confidence.  To this end, Claimants shall not disclose this document, its contents, or subject matter to any person other than their spouse, accountant, attorneys or income tax preparer.  All that Claimants may divulge about the resolution of this matter is that the matter has been resolved amicably without admission of liability by Defendant.  Claimants stipulate that injunctive relief is appropriate to prevent violating the terms of this paragraph.  Furthermore, to the extent Claimants are permitted to disclose and do disclose such information to their spouses, accountants, attorneys, or income tax preparers, Claimants agree to require, and warrant, that the persons receiving such information will also maintain its confidentiality.  If one party is subpoenaed for a matter concerning a non-subpoenaed party, receives other legal process concerning the non-subpoenaed party, or is otherwise potentially required to disclose the terms of this Settlement Agreement, he will notify the non-subpoenaed party within ten days before responding to any subpoena, court order, legal process, or administrative request, unless to do so would violate the subpoena, court order, legal process, or administrative request.  Nothing in this Settlement Agreement shall prevent the parties from filing this Settlement Agreement, *in camera*, in support of the Joint Motion for Approval of Settlement or to enforce the terms of the Settlement Agreement or to file the Settlement Agreement with the Court, if necessary for approval if the Court denies all reasonable efforts by the parties to obtain approval of the Settlement Agreement *in camera*.

9.    **No Admission of Liability.**  Claimants understand and agree that none of the Releasees admit any liability with respect to the Civil Action or any other claim related to or arising out of Claimants' association with Defendant.  In executing this Settlement Agreement, Releasees do not intend to waive any jurisdictional argument or other objections to the Court's ability to resolve the claims in the Civil Action.

10.    **Enforcement.**  If all preconditions to enforcement are met, including but not limited to all Claimants executing this Settlement Agreement and the Court accepting this Settlement Agreement (including its confidentiality provision) any party shall have the right specifically to enforce this Settlement Agreement except for provisions which subsequently may be held invalid or unenforceable.

11.    **Severability and Survival.**  If any clause or provision in this Settlement Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

12.    **Applicable Law.**  This Settlement Agreement shall be governed by and construed in accordance with Florida law, as it is applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

13.    **Controlling Law and Venue.**  The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the federal courts located within Miami-Dade County, Florida, over any claims arising under or relating to this Settlement Agreement.  In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum non conveniens, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.  At least ten business days prior to commencing an

action based on the alleged breach of this Settlement Agreement, the complaining party must give written notice to the other party or their attorney via e-mail and certified mail of that party's intent to file an action.

14. **Non-assignment of Claims or Causes of Action.** Claimants warrant and represent that they have made no assignment and covenant that they will make no assignment of the claims, demands or causes of action released herein.

15. **Authorship.** All parties affirm that this Settlement Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16. **Execution in Counterparts.** The parties acknowledge and agree that this Settlement Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17. **Recitals.** The recitals are incorporated by reference.

18. **Entire Agreement.** This Settlement Agreement and the Plaintiffs' separately executed acknowledgment and general releases contain the parties' entire agreement and may be modified only in a writing executed in the same manner as the original Settlement Agreement and no agreements, representations, or statements of any party relating to the Civil Action not contained in this document shall be binding on such party.

**NOW, THEREFORE,** the parties have executed this Settlement Agreement freely and voluntarily, as of the date first above written.

Respectfully submitted this ⟍⟋⟍ day of April, 2015.

Kelly McCallum
Florida Bar No.: 648779
E-Mail: kelly@rubensteinlaw.com
Rubenstein Law, PA
2 S. University Drive
Suite 235
Plantation, FL 33324
Telephone: (954) 661-6000
Facsimile: (954) 515-5787


Alan L. Lani
Florida Bar No.: 886866
E-Mail: alan@injuredinkentucky.com
Schiller, Kessler & Gomez, PLLC
401 W. Main Street, Suite 960
Louisville, KY 40202
Telephone: (502) 583-2422
Facsimile: (502) 583-2432

***ATTORNEYS FOR CLAIMANTS***

M. Scott McIntyre
Ohio Bar No.: 0075298            J-17-15
E-Mail: smcintyre@bakerlaw.com
**BAKER & HOSTETLER LLP**
312 Walnut Street
Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3400
Facsimile: (513) 929-0303


Kevin W. Shaughnessy
Florida Bar No.: 0473448
E-Mail: kshaughnessy@bakerlaw.com
Tiffany L. Cummins
Florida Bar No.: 0053032
E-Mail: tcummins@bakerlaw.com
**BAKER & HOSTETLER LLP**
SunTrust Center, Suite 2300
200 South Orange Avenue
Orlando, Florida 32801-3432
Telephone: (407) 649-4000
Facsimile: (407) 649-0168

***ATTORNEYS FOR DEFENDANTS***

## EXHIBIT "A"

## ACCEPTANCE AND VERIFICATION OF SETTLEMENT AGREEMENT
## BY PLAINTIFF STEVE D. VELASQUEZ

In exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Steve D. Velasquez ("Plaintiff"), expressly, knowingly, and voluntarily accepts and executes this Settlement Agreement, as follows:

1.      Plaintiff acknowledges that the parties have agreed to the Settlement Agreement resolving with finality the Civil Action. Notwithstanding this settlement, Defendant denies that it is liable to Plaintiff under the allegations set forth in the Civil Action. Plaintiff acknowledges that Defendant's settlement of the Civil Action does not constitute an admission of liability or an admission of any wrongdoing by Defendant now or at any time.

2.      Subject to Defendant's receipt of executed (and not-revoked) Settlement Agreements from all Claimants, and the Court's approval of the same, Defendant has offered to pay Plaintiff and the Plaintiff has agreed to accept from Defendant:

    a.      $2,840.19 for alleged unpaid wages/overtime pay less applicable taxes and withholdings. An IRS Form W-2 will be issued to Plaintiff in connection with this payment;

    b.      $2,840.20 for alleged liquidated damages. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment;

    c.      $100.00 for the General Release contained in the Settlement Agreement. No taxes or withholdings will be deducted from said amount. An IRS Form 1099 will be issued to Plaintiff in connection with this payment; and

    d.      For tax purposes only, Plaintiff further acknowledges that, of the $38,300.00 payment in attorneys' fees and costs, $3,830.00 has been allocated to Plaintiff. (Plaintiff's attorneys, not Plaintiff, will receive this check). An IRS Form 1099 will be issued to both Plaintiff and Plaintiff's attorneys in connection with this payment.

3.      Plaintiff acknowledges and understands that, at Defendant's sole option and in Defendant's sole discretion, if any Claimant fails to execute the Settlement Agreement or exercise his right of revocation as described in the Settlement Agreement, the Settlement Agreement shall be void and unenforceable by any party. Plaintiff further acknowledges and understands that, should Defendant exercise this right, or should the Court fail to approve the Settlement Agreement as written, Defendant shall have no obligation to pay, and Plaintiff shall have no right to receive, the payments described above.

4.      Plaintiff has been fully informed, and had the Settlement Agreement's terms fully explained to him by his counsel at Rubenstein Law, P.A., and/or at Schiller, Kessler, and Gomez

PLLC, and agrees to the terms and conditions of the parties' Settlement Agreement, including, but by no means limited to, the General Release. Plaintiff certifies that he understands English and that, in addition, he has had the full Settlement Agreement read to him in Spanish by his Attorney(s). After carefully receiving, reviewing and considering both the General Release and the Settlement Agreement, Plaintiff has elected to participate in, and execute, this Settlement Agreement. By executing this Settlement Agreement, Plaintiff understands the terms and conditions of both the settlement and the General Release, knows that he is giving up important rights, has elected to participate in the settlement and signed the Settlement Agreement knowingly and voluntarily, and confirms that the election to participate in the settlement and the execution of this Settlement Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Plaintiff further represents and warrants that he has not relied on any inducements, promises, or representations by Defendant, Releasees or any other person or entity, other than the Settlement Agreement's terms and conditions. The parties acknowledge that the Confidential Settlement Agreement and release does not waive any non-waivable rights Plaintiff may have in connection with workers' compensation. By executing this Settlement Agreement, Plaintiff agrees that his counsel may dismiss Plaintiff's claims with prejudice in the Civil Action.


_____
Signature

_Steve D. Velasquez_
Plaintiff's Printed Name: Steve D. Velasquez

Social Security Number: XXX-XX-_____

Date of Birth: _____

| Form **W-9**<br>(Rev. December 2011)<br>Department of the Treasury<br>Internal Revenue Service | **Request for Taxpayer<br>Identification Number and Certification** | **Give Form to the<br>requester. Do not<br>send to the IRS.** |

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above
**RUBENSTEIN LAW, PA**

Check appropriate box for federal tax classification:
☐ Individual/sole proprietor   ☑ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ▶ _____

☐ Other (see instructions) ▶

☐ Exempt payee

Address (number, street, and apt. or suite no.)
**2 SOUTH UNIVERSITY DRIVE, SUITE 235**

City, state, and ZIP code
**PLANTATION, FL 33324**

Requester's name and address (optional)

List account number(s) here (optional)

### Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN* on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number
☐☐☐ - ☐☐ - ☐☐☐☐

Employer identification number

### Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

Sign Here  Signature of U.S. person ▶   Date ▶ 5/5/15

### General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

### Purpose of Form

A person who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income.

**Note.** If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien,

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States,

• An estate (other than a foreign estate), or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax on any foreign partners' share of income from such business. Further, in certain cases where a Form W-9 has not been received, a partnership is required to presume that a partner is a foreign person, and pay the withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid withholding on your share of partnership income.

Cat. No. 10231X                    Form **W-9** (Rev. 12-2011)

**Exhibit B**